# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Doosan Machine Tools America Corporation, | Civil Action No.: 3:17-cv-00876-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Machinery Solutions, Inc., Frank Carl Amick, and James B. DuBose, | |
| Defendants. | |

Plaintiff Doosan Machine Tools America Corporation ("Doosan" or "DMTA") filed this action against Defendants Machinery Solutions, Inc. ("MSI"), Frank Carl Amick and James B. DuBose (collectively "Defendants") to recover actual, compensatory, consequential, special and punitive damages for their alleged breach of contract, conversion and unjust enrichment. (ECF No. 1 at 7 ¶ 40–12 ¶ 83.)

This matter is before the court pursuant to Doosan's Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 25.) Specifically, Doosan requests that the court grant it "judgment on the pleadings dismissing the affirmative defenses of Defendants" and "judgment against MSI and the Guarantors [Amick and DuBose] on its claims for breach of contract." (*Id.* at 1.) Defendants oppose Doosan's Motion in its entirety. (ECF No. 30.) For the reasons set forth below, the court **DENIES** Doosan's Motion for Judgment on the Pleadings.

## I.   RELEVANT BACKGROUND TO PENDING MOTION

Doosan alleges that it "manages the sales, service, and technical support in North and South America for [][South Korean corporation Doosan Machine Tools] of Computer Numerical

Control (CNC) machine tools and related parts, attachments, accessories, products, and other inventory (collectively, the "Equipment")." (ECF No. 1 at 2 ¶ 7.) Doosan alleges that it had a contractual relationship with MSI, "a former distributor for DMTA in South Carolina, North Carolina, and Georgia." (Id. at 3 ¶ 12.) Specifically, in February 2009, Doosan and MSI agreed to a "Letter of Understanding" or "Distributor Agreement" to outline the sale of new machine tool products in North Carolina, South Carolina, and Georgia. (ECF No. 1-1 at 2–4.) Pursuant to the terms of the Distributor Agreement, either party could terminate the agreement, at any time for any reason whatsoever, by giving the other party prior written notice of at least 30 days. (ECF No. 1-1 at 4 ¶ XIII.) Additionally, on May 11, 2009, Amick and DuBose each signed a Limited Guaranty to allegedly "protect DMTA in the event that MSI fails to promptly pay DMTA in full, and in cash, an amount owed to it regarding the sale or disposal of Equipment to MSI's customers in a timely manner." (ECF No. 1 at 4 ¶ 21 (referencing ECF Nos. 1-2 & 1-3).)

On August 21, 2015, MSI received a letter (the "August Letter") from Doosan's President in which he communicated the intent of Doosan to terminate the Distributor Agreement with MSI in thirty days. (ECF No. 1 at 3 ¶ 18.) After the termination, Doosan alleges that it "honored certain Equipment orders placed by MSI before the Termination [][,] delivered the Equipment as MSI had requested" and sent Defendants invoices for the orders. (*Id.* at 5 ¶¶ 27–29.) Doosan further alleges that Defendants were paid for the aforementioned orders but did not remit payments to Doosan due under the terms of the Distributor Agreement. (*Id.* at 6 ¶¶ 30–31.)

On June 27, 2016, Doosan alleges that its attorney sent a demand letter (the "June Demand Letter") to Defendants' attorneys requesting that Defendants pay $657,678.00 to

2

Doosan by July 5, 2016.[1] (ECF No. 1 at 6 ¶ 33.) On March 27, 2017, Doosan's counsel sent a second demand letter (the "March Demand Letter") to Defendants' counsel requesting $1,666,035.00.[2] (*Id.* at 7 ¶ 37.) Doosan alleges that Defendants failed to remit payment upon receipt of the June and March Demand Letters. (*Id.* ¶ 39.)

On April 3, 2017, Doosan commenced the instant action against Defendants in this court asserting state law claims for breach of contract, conversion, promissory estoppel and unjust enrichment. (ECF No. 1 at 7 ¶ 40–12 ¶ 83.) On July 5, 2017, Doosan filed the instant Motion for Judgment on the Pleadings. (ECF No. 25.) On July 19, 2017, Defendants filed a

---

[1] The June Demand Letter provides as follows:

> We, along with Nexsen Pruet, LLC, represent Doosan Machine Tools America Corporation ("Doosan"). We write to demand, as reflected in the enclosed Statement of Account, that MSI pay $657,678.00 to Doosan to be received by no later than July 5, 2016. Doosan believes that this amount has already been paid to MSI, yet MSI has improperly failed to remit it to Doosan. If this amount is not paid in full by July 5, 2016, Doosan intends to take legal action against MSI as well as Frank Carlton Amick and James E. DuBose, each of whom has provided a Limited Guaranty (also enclosed). All rights and remedies are reserved.

(ECF No. 1-5 at 2.)

[2] The March Demand Letter stated:

> We, along with Nexsen Pruet, LLC, represent Doosan Machine Tools America Corporation ("DMTA"). We write to demand, as reflected in the enclosed Statement of Account, that MSI pay $1,666,035 to Doosan to be received by no later than March 31, 2017. Doosan believes that this amount has already been paid to MSI, yet MSI has improperly failed to remit it to Doosan. MSI has wrongfully converted DMTA's money. If this amount is not paid in full by March 31, 2017, Doosan will file a Complaint against MSI as well as Frank Carlton Amick and James E. DuBose, each of whom has provided a Limited Guaranty (the "Guarantees"). Please be further advised that DMTA has been and will continue to charge interest on all unpaid amounts at 1.5% per month as set forth in the contract dated February 10, 2009. Lastly, DMTA will seek to recover all attorneys' fees, costs and expenses of collection incurred by DMTA in enforcing the Obligations (as defined in the Guarantees) or the Guarantees. All rights and remedies are reserved.

(ECF No. 1-6 at 2.)

Memorandum in Response to Doosan's Motion for Judgment on the Pleadings (ECF No. 30), to which Doosan filed a Reply Memorandum in Further Support of Judgment on the Pleadings (ECF No. 31) on July 26, 2017.

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on Doosan's allegations that there is complete diversity of citizenship between it and Defendants, and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. (*See* ECF No. 1 at 1 ¶ 1–2 ¶ 5.) MSI is a corporation organized under the laws of South Carolina with its principal place of business in Lexington County, South Carolina. (*Id.* at 2 ¶ 2.) Amick is a resident of Lexington County, South Carolina (*id.* ¶ 3) and DuBose is a resident of Orangeburg County, South Carolina. (ECF No. 11 at 2 ¶ 6.) Doosan is incorporated in the State of New York and has its principal place of business in Pine Brook, New Jersey. (ECF No. 1 at 1 ¶ 1.) Moreover, the court is satisfied that the amount in controversy exceeds $75,000.00 in accordance with Doosan's representation. (*Id.* at 2 ¶ 5.).

## III. LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[A] motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)."[3] *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x 527, 529 (4th Cir. 2010) (citing

---

[3] A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009)); *see also Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The key difference between a Rule 12(b)(6) motion and a Rule 12(c) motion is that on a 12(c) motion, the court "consider[s] the answer as well as the complaint" and "documents incorporated by reference in the pleadings." *Fitchett v. Cnty. of Horry, S.C.*, C/A No. 4:10-cv-1648-TLW-TER, 2011 WL 4435756, at *3 (D.S.C. Aug. 10, 2011) (citations omitted).

A motion for judgment on the pleadings is intended to test the legal sufficiency of the complaint and will operate to dispose of claims "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." *Cont'l Cleaning Serv. v. UPS*, No. 1:98CV1056, 1999 WL 1939249, at *1 (M.D.N.C. Apr. 13, 1999) (citing *Herbert Abstract v. Touchstone Props., Inc.*, 914 F.2d 74, 76 (5th Cir. 1990)). "An issue of fact is deemed to be material if the outcome of the case might be altered by the resolution of the issue one way rather than another." *Walker v. Liberty Mut. Ins. Co.*, C/A No. No.: 4:16-cv-01388-RBH, 2017 WL 1020884, at *1 (D.S.C. Mar. 16, 2017) (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1368 (3d ed. 2011)). "Thus, the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Id.* "Accordingly, '[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false.'" *Catlin Specialty Ins. Grp. v. Lowcountry Oysters of Murrells Inlet, LLC*, C/A No. No. 2:17-1528-RMG, 2018 WL 369154,

---

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

at *1 (D.S.C. Jan. 11, 2018) (quoting *Lewis v. Excel Mech.*, LLC, No. 2:13-CV-281-PMD, 2013 WL 4585873, at *1 (D.S.C. Aug. 28, 2013)). "[W]hen the plaintiff moves for judgment on the pleadings, the motion should be granted if, 'on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law.'" *Walker*, 2017 WL 1020884, at *1 (quoting *Lowden v. Cty. of Clare*, 709 F. Supp. 2d 540, 546 (E.D. Mich. 2010)).

## IV. ANALYSIS

A. The Parties' Arguments

Doosan argues that it is entitled to Judgment on the Pleadings for breach of contract because the Complaint contains indisputable facts and Defendants lack valid defenses. (ECF No. 25 at 12.) Doosan's specific argument is as follows:

> Doosan is entitled to relief because Doosan and MSI entered into a binding contract when they agreed to the 2009 Contract, and Amick and DuBose entered into a binding contract with Doosan when they signed the Guarantees; MSI breached the 2009 Contract when it failed to remit payment for the Outstanding Orders, and in addition Amick and DuBose breached the Guarantees when they refused to personally and promptly pay all sums due and owing by MSI to Doosan when MSI failed to pay Doosan the money collected related to the Outstanding Orders; and Doosan has suffered damages as a direct and proximate result of the breaches by MSI, Amick, and DuBose because it has not been paid the more than $1.66 million due for the machines that it has been actively attempting to collect for more than a year since amounts first came due.

(*Id.* at 12–13.) Doosan further argues that Defendants' defense for set-off is unavailable to them because (1) the court has already determined that Defendants do not have a viable claim or defense for set-off, (2) res judicata prevents Defendants from asserting set-off and (3) there is a lack of mutuality between the debt obligations in the instant action and the debt obligations in the case captioned *Machinery Solutions, Inc. v. Doosan Machine Tools America Corporation and Ellison Technologies, Inc.*, Civil Action No. 3:15-cv-03447-JMC (hereinafter the "Termination Case"), alleged by Defendants to support their claim of set-off. (*Id.* at 13–15.) Additionally,

6

Doosan argues that Defendants' other affirmative defenses of unclean hands, waiver and estoppel either have not been properly pleaded under Rule 8 or are inapplicable to this action. (ECF No. 31 at 11–12.)

Defendants oppose Plaintiff's Motion for Judgment on the Pleadings asserting that it "should be denied because there are factual disputes between the Plaintiff's Complaint and the Defendants' Answer" regarding "the manner of business transacted between Plaintiff and MSI" and the applicability of the Limited Guaranty agreements to the transactions at issue. (ECF No. 30 at 4–9.) Defendants also assert that they have properly pleaded affirmative defenses of set-off, unclean hands, estoppel and waiver that preclude awarding judgment to Doosan due to specific challenges to the veracity of its Complaint. (*Id.* at 9–16 (referencing ECF No. 11 at 2 ¶ 4, 4 ¶¶ 36–38).) Finally, Defendants argue that they never "promised to make payment to Plaintiff [as alleged by Doosan] during the September 15, 2015 Preliminary Injunction hearing in the Termination Action." (*Id.* at 17.)

B. The Court's Review

In its Motion, Doosan seeks judgment on the pleadings as to its claims for breach of contract as well as Defendants' affirmative defenses.

*1. Defendants' Affirmative Defenses*

In their Answer, Defendants assert affirmative defenses of unclean hands, estoppel and waiver using the following language:

> Plaintiff is precluded from any recovery in this Complaint by reason of the unclean hands of Doosan Infracore America Corporation. (ECF No. 11 at 4 ¶ 36.)
>
> Plaintiff is estopped from asserting the claims set out in the Complaint. (*Id.* ¶ 37.)
>
> Plaintiff has waived any right it might have on any of the claims asserted against

Defendants Amick and DuBose.[4] (*Id.* ¶ 38.)

Doosan argues that it is entitled to judgment on the pleadings because Defendants' affirmative defenses as stated fail heightened pleading requirements. (ECF No. 31 at 11.)

Consistent with its recent decisions, this court is satisfied that Defendants' affirmative defenses as stated satisfy the relevant pleading requirements. *See, e.g.*, *Hand Held Prods., Inc. v. Code Corp.*, C/A No. 17-167-RMG, 2017 WL 2537235, at *5 (D.S.C. June 9, 2017) ("The Court therefore holds that *Twombly* and *Iqbal* do not provide the pleading standard applicable to affirmative defenses. 'Prior to the Supreme Court's decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Fourth Circuit held that general statements of affirmative defenses were sufficient provided they gave plaintiffs fair notice of the defense.'") (quoting *Francisco v. Verizon S., Inc.*, C/A No. 3:09cv737, 2010 WL 2990159, at *6 (E.D. Va. July 29, 2010)); *Cohen v. SunTrust Mortg., Inc.*, C/A No. 3:16-2513-CMC, 2017 WL 1173581, at *3 (D.S.C. Mar. 30, 2017) ("This court joins what appears to be the recent trend in finding the *Twombly-Iqbal* standard inapplicable to affirmative defenses."). In this regard, the aforementioned language used by Defendants sufficiently provides Doosan with the requisite fair notice necessary for these affirmative defenses to survive the Motion for Judgment on the Pleadings.

---

[4] Doosan also argues that it is entitled to judgment on the pleadings as to the affirmative defense of set-off. (*E.g.*, ECF No. 31 at 7–11.) The court **DENIES** Doosan's Motion for Judgment on the Pleadings as to set-off because set-off is a counterclaim, not a defense. *See, e.g.*, *Studley v. Boylston Bank of Boston*, 229 U.S. 523, 528 (1913) ("[A] set-off is a counterclaim which the defendant may interpose by way of cross-action against the plaintiff. But, broadly speaking, it represents the right which one party has against another to use his claim in full or partial satisfaction of what he owes to the other."); *First Nat'l Bank of Louisville v. Master Auto Serv. Corp.*, 693 F.2d 308, 310 n.1 (4th Cir. 1982) ("A set-off is a counterclaim arising from an independent claim the defendant has against the plaintiff. Recoupment is the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very contract giving rise to the plaintiff's claim.") (citing 6 C. Wright & A. Miller, *Federal Practice and Procedure*, Civil § 1401 (1971 & Supp. 1982)). Set-off has not been expressly alleged as a counterclaim in the Answer.

Doosan also argues that Defendants' affirmative defense of unclean hands is inapplicable to an action at law for breach of contract. This statement is correct in principle. *See, e.g.*, *WEGCO, Inc. v. Griffin Servs., Inc.*, 19 F. App'x 68, 73 (4th Cir. 2001) ("Ordinarily, an action on a debt alleged to be due under a contract is an action at law.") (citing, *e.g.*, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1194 (9th Cir. 2000) ("In most instances, a claim seeking money damages for breach of contract is an action at law.")); *see also Aaron v. Mahl*, 674 S.E.2d 482, 487 (S.C. 2009) ("The equitable doctrine of unclean hands, however, has no application to an action at law.") (citation omitted). However, Doosan also alleges claims for unjust enrichment and promissory estoppel, which are equitable claims that unclean hands is applicable to as an affirmative defense. *E.g., Ashmore v. Owens*, C/A No. 8:15-cv-02373-JMC, 2017 WL 2560016, at *3 (D.S.C. June 13, 2017) ("[U]njust enrichment is an equitable action.") (citation omitted); *Mason v. Mason*, 770 S.E.2d 405, 419 (S.C. 2015) ("The doctrine of unclean hands precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant.") (citation omitted); *Glover v. Lockheed Corp.*, 772 F. Supp. 898, 907 (D.S.C. 1991) ("Promissory estoppel is an equitable doctrine which provides that 'an estoppel may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sustain the perpetration of fraud or would result in other injustice.'") (quoting *Higgins Constr. Co. v. S. Bell Tel. & Tel.*, 281 S.E.2d 469, 470 (S.C. 1981)).

Therefore, after consideration of the foregoing, the court concludes that Doosan is not entitled to judgment on the pleadings on Defendants' affirmative defenses.

### 2. *Doosan's Claims for Breach of Contract*

Doosan alleges a claim for breach of the Distributor Agreement against MSI and a separate claim for breach of the Limited Guaranty agreements against Amick and DuBose. (ECF No. 1 at 7 ¶ 40–10 ¶ 64.) "To recover for a breach of contract, the plaintiff must prove: (1) a binding contract entered into by the parties; (2) a breach or unjustifiable failure to perform the contract; and (3) damage suffered by the plaintiff as a direct and proximate result of the breach." *Tomlinson v. Mixon*, 626 S.E.2d 43, 49 (S.C. 2006). In support of its Motion, Doosan made the following "undenied" substantive allegations in the Complaint regarding the cause of action for breach of contract:

> On February 17, 2009, MSI signed a contract regarding the sale of Equipment by MSI.[5] (ECF No. 1 at 3 ¶ 13.)
>
> On May 11, 2009, Defendant/Guarantor Amick and Defendant/Guarantor DuBose . . . each signed a separate "Sales Out of Trust" Guarantee for Debtor/Defendant MSI.[6] (*Id.* at 4 ¶ 21.)
>
> By letter dated August 21, 2015, DMTA [attempted to] g[i]ve 30 days' notice that it was terminating the 2009 Contract with MSI (the "Termination").[7] (*Id.* at 3 ¶ 18.)
>
> After the Termination, [Doosan Infracore America Corporation, not] DMTA honored certain Equipment orders placed by MSI before the Termination and delivered the Equipment as MSI had requested.[8] (*Id.* at 5 ¶ 27.)
>
> MSI was sent invoices for the Outstanding Orders. (*Id.* ¶ 28.)
>
> MSI has not paid the balance owed. (*Id.* at 8 ¶ 46.)
>
> Amick and DuBose have not paid Plaintiff any amount of money since they

---

[5] Defendants assert that this 2009 contract did not contain all the terms of the parties' agreement. (ECF No. 11 at 2 ¶ 11.) In addition, Defendants assert that the 2009 contract was not executed by Plaintiff Doosan Machine Tool America Corporation. (*Id.*)
[6] Defendants only deny any inferences asserted. (*Id.* ¶ 15.)
[7] Defendants admit to receiving the August 2015 letter, but deny the remaining allegations. (*Id.* ¶ 13.)
[8] Defendants maintain that the 2009 contract was not executed by Plaintiff Doosan Machine Tool America Corporation. (ECF No. 11 at 2 ¶ 16.)

received the Second Demand Letter. (*Id.* at 10 ¶ 61.)

MSI received [some] payment for certain Equipment []. (*Id.* at 11 ¶ 77.)

In further support, Doosan submitted copies of the Distributor Agreement, the Limited Guaranty agreements, the June and March Demand Letters and a "current statement of account." (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5 & 1-6.)

Upon review, the court finds that there is no material factual dispute that Doosan and MSI had a contract[9] represented by the Distributor Agreement. (ECF No. 1-1.) However, Doosan only identifies a few provisions of the Distributor Agreement in the Complaint (*see* ECF No. 1 at 3 ¶¶ 15, 16), and further does not expressly state that these are the provisions that were breached. In this regard, accepting as true Defendants' allegations that the 2009 Distributor Agreement did not contain all the terms of the parties' agreement (*see* ECF No. 11 at 2 ¶ 11), there appears to be a material factual dispute regarding which provisions of the Distributor Agreement MSI breached or failed to perform. *E.g., Glob. State Inv. USA, Inc. v. LAS Props., LLC*, 2015 WL 1943370, at *10 (D.S.C. Apr. 29, 2015) ("[T]he court dismisses defendants' breach of contract claim for failure to specify which provisions of the contract were breached and how they were breached."); *Soto v. Siskin Steel & Supply, Co.*, No. 92-CP-23-4067, 1993 WL 764497, at *1 (S.C. Ct. Com. Pl. July 20, 1993) ("In order to support some claim for breach of contract, Soto must allege some specific contractual provision that was allegedly breached.") Accordingly, the court declines to grant Doosan judgment on the pleadings on the claim for breach of contract against MSI.

As to the claim against Amick and DuBose, the court is persuaded that Doosan has sufficiently demonstrated the requisite elements for breach of contract. However, Amick and

---

[9] Doosan has properly alleged a basis for its replacement of Doosan Infracore America Corporation in the relevant documentation. (ECF No. 1 at 1 n. 1 ("In May 2016, Doosan Infracore America Corporation became Doosan Machine Tools America Corporation.").)

DuBose have asserted that Doosan waived the claims against them. (ECF No. 11 at 4 ¶ 38.) Accepting this allegation as true, Amick and DuBose's affirmative defense of waiver creates a material issue of fact precluding Doosan's entitlement to judgment on the pleadings. Accordingly, Doosan's Motion for Judgment on the Pleadings is denied as to the claim for breach of contract against Amick and DuBose.

## V. CONCLUSION

Upon careful consideration of the parties' arguments and for the reasons set forth above, the court hereby **DENIES** Plaintiff Doosan Machine Tools America Corporation's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 25.) In accordance with the First Amended Scheduling Order (ECF No. 37), the parties shall complete discovery in this matter on or before May 18, 2018, and jointly propose a second amended scheduling order on or before April 3, 2018.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 19, 2018
Columbia, South Carolina